IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SPECIAL MATERIALS COMPANY,** § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **KODIAK ENERGY SERVICES, LLC;** § <br> **JOSH HARPOLD; JILL HARPOLD; and** § <br> **PETE WANTIEZ;** § <br> *Defendants*. § | MO:25-CV-00100-DC-RCG |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Special Material Company's Motion for Default Judgment against Defendants Pete Wantiez and Kodiak Energy Services, LLC. (Doc. 19). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED**. (Doc. 19).

### I.    BACKGROUND

On March 3, 2025, Plaintiff Special Material Company ("Plaintiff") filed its Original Complaint against Kodiak Energy Services and Pete Wantiez ("Defendants"), among others. (Doc. 1). Plaintiff subsequently filed executed summonses on March 21, 2025, and June 4, 2025. (Docs. 11, 13). Defendant Kodiak Energy Services, LLC was served by process server at 3600 N. County Road 1148, Midland, Texas 79705 on March 18, 2025. (Doc. 13). On March 21, 2025, Defendant Pete Wantiez was personally served by process server at 38 Augustine Court, Odessa, Texas 79765. (Doc. 11). Accordingly, Defendants' responsive pleadings were due on April 8, 2025, and April 11, 2025, respectively. (Docs. 11, 13). More than two months after those deadlines, Defendants had yet to file an answer or otherwise respond to the Complaint, and no

counsel had entered an appearance on their behalf. Consequently, Plaintiff moved for default judgment on June 18, 2025. (Doc. 19). This Court entered Show Cause Orders on July 24, 2025, and July 29, 2025, directing Defendant Pete Wantiez to file an answer by August 8, 2025, and Defendant Kodiak Energy Services, LLC to file an answer by August 15, 2025. (Docs. 22, 25). To date, Defendants have failed to file a responsive pleading or otherwise appear in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the Court, FED. R. CIV. P. 55(b); *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002). However, "[d]efault judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III. DISCUSSION

The Court finds Plaintiff has not met the statutory requirements for a default judgment. Plaintiff filed a Motion for Default Judgment without first seeking an entry of default from the

Clerk of Court. (Doc. 19). Because no default was entered by the Clerk, Plaintiff is not procedurally entitled to default judgment.

## IV. RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED**.

SIGNED this 24th day of September, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).