IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SPECIAL MATERIAL COMPANY,** §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>**KODIAK ENERGY SERVICES, LLC;** §<br>**JOSH HARPOLD; JILL HARPOLD; and** §<br>**PETE WANTIEZ;** §<br>*Defendants*. § | MO:25-CV-00100-DC-RCG |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Special Material Company's ("Plaintiff") Motion for Default Judgment against Defendants Pete Wantiez ("Wantiez") and Kodiak Energy Services ("Kodiak"). (Doc. 44).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of Plaintiff's Motion and relevant case law, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED WITHOUT PREJUDICE**. (Doc. 44).

### I.   BACKGROUND

This case involves an alleged breach of contract. (Doc. 1).[2] On March 3, 2025, Plaintiff Special Material Company ("Plaintiff") filed its Original Complaint against Wantiez and Kodiak, among others. *Id.* Plaintiff subsequently filed executed summonses on March 21, 2025, and June 4, 2025. (Docs. 11, 13). Kodiak was served by process server at 3600 N. County Road 1148, Midland, Texas 79705 on March 18, 2025. (Doc. 13). On March 21, 2025, Wantiez was personally served by process server at 38 Augustine Court, Odessa, Texas 79765. (Doc. 11).

---

1. All citations are to CM/ECF generated pagination, unless otherwise noted.

2. For purposes of disposing of the instant Motion, primarily the procedural facts, not substantive, are relevant.

Accordingly, Defendants' responsive pleadings were due on April 8, 2025, and April 11, 2025, respectively. (Docs. 11, 13). More than two months after those deadlines, Wantiez and Kodiak had yet to file an answer or otherwise respond to the Complaint, and no counsel had entered an appearance on their behalf. Consequently, Plaintiff moved for default judgment on June 18, 2025. (Doc. 19). This Court entered Show Cause Orders on July 24, 2025, and July 29, 2025, directing Wantiez to file an answer by August 8, 2025, and Kodiak to file an answer by August 15, 2025. (Docs. 22, 25). After failing to respond to the Court's Show Cause Orders, the Court denied Plaintiff's initial Motion for Default Judgment as premature but instructed the Clerk of Court to enter default against Wantiez and Kodiak on October 20, 2025. (Docs. 42, 43). By its present Motion, Plaintiff now asks the Court to enter default judgment against Wantiez and Kodiak. (Doc. 44). Considering Plaintiff's Motion and relevant caselaw, the Court finds this matter ripe for disposition.

## II.   DISCUSSION

Plaintiff's Motion presents only one narrow issue for the Court to resolve: whether default judgment against Wantiez and Kodiak is proper in light of the other, unresolved claims pending in the suit. For reasons below, the undersigned is of the opinion that it is not.

Courts have long agreed the leading case on this issue is *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). In *Frow*, the plaintiff sued eight defendants, who conspired to defraud him out of land. *Id*. at 554. One defendant failed to appear in the suit, so the Court entered default judgment against him, while the claims as to the answering defendants were pending. *Id*. The answering defendants subsequently prevailed on the merits, yielding inconsistent judgments. *Id*. The Court found "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." *Id*. In

other words, based on *Frow*, courts should refrain from granting default judgment as to the defaulting defendant when claims as to the answering, co-defendants are pending. *Id*.

Since the *Frow* Court's ruling, this area of the law has evolved tremendously, resulting in a circuit split. *See AE Mktg. L.L.C. v. Jenkins-Baldwin Corp.*, No. 07-CV-0321, 2013 WL 12226764, at *6 (N.D. Tex. Jan. 2, 2013). The first school of thought calls for a narrow reading of *Frow* and application only in situations involving purely joint liability, as opposed to cases raising joint and several liability. *See Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) ("The *Frow* rule is a narrow one, however, and applies in general when the liability of the defendants is joint."); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 951 (7th Cir. 2020) (finding no logical inconsistencies in granting default as to one defendant when all defendants are sued jointly and severally). The broader interpretation, on the other hand, looks not to the breed of liability, but rather the degree to which the defendants are similarly situated and possess closely related defenses. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (declining to rule on default judgment because the defendants, although not jointly liable, were similarly situated); *U.S. ex rel. Costner v. United States*, 56 F. App'x 287, 288 (8th Cir. 2003) (applying the *Frow* rule to a case where the defendants had "closely related defenses"). Unfortunately, the Fifth Circuit has yet to weigh in on its preferred approach. In fact, to this Court's knowledge, the Fifth Circuit has only cited to *Frow* twice and did not specifically endorse either approach in those instances. *See Crop Prod. Servs. v. Keeley*, 691 F. App'x 159 (5th Cir. 2017) (per curiam); *Escalante v. Lidge*, 34 F.4th 486 (5th Cir. 2022). Regrettably, neither case sheds much light on the issue before the Court here.

In *Keeley*, the court found *Frow* inapplicable for reasons not present here. There, "[the answering defendant] successfully defended himself against a distinct legal claim not advanced against [the defaulting defendant], . . . but his success [did] not establish that [the plaintiff] had no other viable claims against [the defaulting defendant]." 691 F. App'x at 163. Because the claims asserted against the co-defendants were distinct, the court held the district court did not err in denying the answering defendants' motion to vacate default judgment. *Id*. at 164. Unlike in *Keeley*, Plaintiffs in this case assert several of the same claims against all Defendants, including Wantiez and Kodiak. (Doc. 1 at 3–6). *Escalante's* reach is even more attenuated. There, the court tackled the issue of awarding inconsistent judgments to multiple plaintiffs against one defendant. 34 F.4th at 498. The court reasoned, because *Frow's* "key consideration is the assurance of consistent verdict determinations[,]" *Frow* has no bearing on various plaintiffs seeking default judgments against a sole defendant and receiving inconsistent results. *Id*. (internal citations and quotation marks omitted). All in all, Fifth Circuit precedent illuminates very little on the issue before the Court today.

Luckily, the Court has at its disposal a mountain of caselaw from this district to emulate. To date, twenty-four cases from the Western District of Texas have cited to *Frow*. Justification for doing so aside, of the twenty-four cases, twenty of them either denied default judgment without prejudice as premature or granted motions to set aside default judgment. *See YETI Coolers, LLC v. Mercatalyst, Inc.*, No. 22-CV-01337, 2024 WL 3390620, at *3 (W.D. Tex. May 23, 2024); *Avitia v. Nationwide Hous. Sys., LLC*, No. 20-CV-069, 2021 WL 8053618, at *3 (W.D. Tex. Aug. 12, 2021); *Jay v. Wells Fargo Bank, N.A.*, No. 19-CV-503, 2019 WL 6311369, at *5 (W.D. Tex. Nov. 25, 2019); *Hamilton v. EnerSafe, Inc.*, No. 15-CA-00965, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018), *R. & R. adopted*, 2018 WL 7822064

(W.D. Tex. Dec. 19, 2018); *New York Marine & Gen. Ins. v. Joedward Cardona*, No. 17-CV-00246, 2018 WL 7297825, at *3 (W.D. Tex. Mar. 27, 2018); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. 07-CA-990, 2009 WL 10669490, at *5 (W.D. Tex. May 28, 2009); *Berkshire Bank v. Sichem, Inc.*, No. 24-CV-01275, 2025 WL 1692880, at *2 (W.D. Tex. June 10, 2025), *R. & R. adopted*, 2025 WL 1789662 (W.D. Tex. June 27, 2025); *WeGrow AG LLC v. Mavco Energy, LLC*, No. 23-CV-00922, 2024 WL 5036560, at *2 (W.D. Tex. Sept. 12, 2024); *AHBP LLC v. Lynd Co.*, No. 22-CV-00096, 2023 WL 367704, at *2 (W.D. Tex. Jan. 23, 2023); *Hammond v. United States*, No. 21-CV-00686, 2022 WL 1830739, at *2 (W.D. Tex. June 3, 2022), *R. & R. adopted*, 2022 WL 20613194 (W.D. Tex. July 18, 2022); *Ridings v. Aspen Contracting, Inc.*, No. 19-CV-01048, 2021 WL 2587953, at *3 (W.D. Tex. June 23, 2021), *R. & R. adopted*, 2021 WL 8080547 (W.D. Tex. July 13, 2021); *Jones v. Allure Staffing Sols., LLC*, No. 19-CV-1057, 2020 WL 5026871, at *3 (W.D. Tex. Aug. 24, 2020), *R. & R. adopted*, 2020 WL 10054528 (W.D. Tex. Sept. 7, 2020); *Wieck v. Synrg. Royce LLC*, No. 17-CV-599, 2018 WL 620048, at *2 (W.D. Tex. Jan. 30, 2018), *R. & R. adopted*, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Deutsche Bank Nat'l Tr. Co. v. Lares*, No. 17-CV-237, 2017 WL 10575169, at *2 (W.D. Tex. Dec. 21, 2017); *United States v. Naylor Cos.*, No. 14-CV-95, 2014 WL 12586777, at *2 (W.D. Tex. May 5, 2014); *Certain Underwriters at Lloyd's Lond. v. Gonzalez*, No. 20-CV-343, 2021 WL 2470363, at *2 (W.D. Tex. Jan. 26, 2021); *Certain Underwriters at Lloyd's Lond. v. Stick Built, LLC*, No. 20-CV-899, 2021 WL 141240, at *2 (W.D. Tex. Jan. 15, 2021), *R. & R. adopted*, 2021 WL 8053499 (W.D. Tex. Feb. 11, 2021); *Hamilton v. EnerSafe Inc.*, No. 15-CV-1003, 2018 WL 7822064, at *2 (W.D. Tex. Dec. 19, 2018); *Argent Holdings, LLC v. E. El Paso Physicians Med. Ctr., LLC*, No. 17-CV-00199, 2017 WL 7788135, at *2 (W.D. Tex. Nov. 30, 2017); *Hartford Cas. Ins. v.*

*Border States Traffic Supply, Inc.*, No. 08-CV-118, 2008 WL 11417033, at *4 (W.D. Tex. Oct. 28, 2008).

Of those twenty, eight cases adopted the broad approach—that is, denying default judgment as to one defendant when all defendants are similarly situated and possess closely related defenses. *YETI Coolers*, 2024 WL 3390620, at *2; *Avitia*, 2021 WL 8053618, at *2; *Jay*, 2019 WL 6311369, at *5; *Joedward Cardona*, 2018 WL 7297825, at *1; *Levitation Arts*, 2009 WL 10669490, at *4; *Naylor*, 2014 WL 12586777, at *1; *Gonzalez*, 2021 WL 2470363, at *2; *Stick Built*, 2021 WL 141240, at *2. Five of the twenty cases denying default judgment did not specify the approach taken but instead indicated a general desire to avoid inconsistent judgments. *Hamilton*, 2018 WL 7018025, at *3; *WeGrow AG*, 2024 WL 5036560, at *2; *AHBP LLC*, 2023 WL 367704, at *2; *Ridings*, 2021 WL 2587953, at *2; *Deutsche Bank*, 2017 WL 10575169, at *1. In direct contradiction to the narrow approach, the remaining seven of the twenty cases specifically mentioned joint and several liability as a reason for default judgment's prematurity. *Berkshire Bank*, 2025 WL 1692880, at *2; *Hammond*, 2022 WL 1830739, at *2; *Jones*, 2020 WL 5026871, at *2; *Wieck*, 2018 WL 620048, at *1; *Hamilton*, 2018 WL 7822064, at *2; *Argent Holdings*, 2017 WL 7788135, at *1; *Hartford*, 2008 WL 11417033, at *3. Again, independent of rationale, all the above twenty cases found default judgment as to the defaulting defendant premature in light of the pending claims against the answering defendants.

That leaves four cases remaining. Three of the four, much like the Fifth Circuit cases, found *Frow* inapplicable either because the answering defendants had been voluntarily dismissed or the claims as to the answering defendants had been resolved. *Joe Hand Promotions, Inc. v. Ganser Perez EL 33, L.L.C.*, No. 13-CA-00320, 2014 WL 12586372, at *2 (W.D. Tex. July 25,

2014); *Jones v. Allure Staffing Sols., LLC*, No. 19-CV-1057, 2021 WL 2019200, at *2 (W.D. Tex. May 20, 2021), *R. & R. adopted*, 2021 WL 2908672 (W.D. Tex. June 8, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. 17-CV-808, 2020 WL 10502725, at *3 (W.D. Tex. Aug. 11, 2020). Finding *Frow* inapplicable, those three cases granted default judgment. *Joe Hand Promotions*, 2014 WL 12586372, at *4; *Jones*, 2021 WL 2019200, at *6; *Bates Energy*, 2020 WL 10502725, at *11. The final case is the only one out of the twenty-four in the district citing *Frow* to adopt the narrow approach. *United States v. Gutierrez*, No. 14-CV-00289, 2015 WL 12864257, at *2 (W.D. Tex. July 15, 2015) ("[The *Frow*] rule only applies when defendants are alleged to be jointly liable or there is a risk of inconsistent adjudications. In contrast, even if the [plaintiff] does not prevail on its claims against other defendants, this would not contradict a holding that the [defaulting defendant] lacks an interest in disputed property."). Even so, this anomalous case denied default judgment on unrelated grounds. *Id*. at *3. That said, the overwhelming majority of cases in the district indicate default judgment only as to the defaulting defendant should be denied if the parties are similarly situated and possess closely related defenses, where all defendants are jointly and severally liable, or when premature default presents a risk of inconsistent judgments. The Court here follows the beaten path.

In this case, Plaintiffs raise four causes of action, several of which are alleged as to each defendant with overlapping factual allegations that name both answering and non-answering defendants. (Doc. 1 at 3–6). Thus, there is no indication that the facts and allegations—and by extension, the defenses—against the answering defendants differ from those of Wantiez and Kodiak. Based on the Complaint alone, it is unclear what type of liability Plaintiff raises, but it seems to be either joint or joint and several. *Id*. Taken as a whole, Plaintiff's Complaint paints *all*

the defendants as co-conspirators working jointly toward a common goal—defrauding Plaintiff. *Id*. If the Court were to grant default judgment and thereby lay all blame on Wantiez and Kodiak, what would come of Plaintiff's claims as to the other defendants? This is precisely the circumstance *Frow* cautions against. In sum, the Court believes Defendants are similarly situated and possess closely related defenses, Plaintiffs charge Defendants with some strain of joint liability, and, most importantly, to rule on Plaintiff's Motion at this time would undeniably result in inconsistent judgments. *See Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) ("Generally, the entry of default judgment is committed to the discretion of the district judge.") (citations and quotation marks omitted). Accordingly, the Court finds Plaintiff's Motion for Default Judgment premature. (Doc. 44).

### III. RECOMMENDATION

In accordance with the above discussion, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **DENIED WITHOUT PREJUDICE**. (Doc. 44).

**SIGNED this 5th day of December, 2025.**

_____
**RONALD C. GRIFFIN**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).